ALLEN *v.* EDELSON.

1. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — SUBSEQUENT NEGLI-
GENCE—MOTOR VEHICLES—PROXIMATE CAUSE.
   Subsequent negligence of taxicab driver in injuring plaintiff by
   running into automobile in which she was passenger after it
   had hit post in safety zone and stopped, presupposes that
   driver of automobile was guilty of contributory negligence,
   and requires that taxicab driver's negligence, arising after he
   saw or should have seen plaintiff's peril, was sole proximate
   cause of injury.

2. MOTOR VEHICLES—SUBSEQUENT NEGLIGENCE—TRIAL.
   Where, in action against taxicab owner for injuries received
   when automobile in which plaintiff was guest passenger was
   struck by taxicab after automobile had hit post in safety zone
   and stopped, there was no testimony presented from which it
   could be found that taxicab driver, in exercise of reasonable
   care, saw or should have seen predicament of automobile after
   it was in dangerous place, and that he could have stopped or
   turned aside in time to avoid collision, trial court was in error
   in submitting to jury issue of subsequent negligence.

Appeal from Wayne; Ferguson (Homer), J. Submitted October 13, 1933. (Docket No. 58, Calendar No. 37,391.) Decided December 5, 1933.

Case by Mildred Allen against Sam Edelson and others for personal injuries suffered in an automobile collision. From verdict and judgment for plaintiff. against defendant Edelson only, he appeals. Reversed, and new trial granted.

*Edward B. Benscoe* and *Herbert M. Eiges,* for plaintiff.

*Edward N. Barnard,* for defendant Edelson.

FEAD, J. Plaintiff had judgment for negligent injuries. The question is whether the court erred in submitting to the jury the issue of subsequent negligence.

Plaintiff was riding east on Grand River avenue in Detroit as a guest in an automobile driven by Roy Olde. The traffic was heavy. When about 150 feet west of the Twelfth street safety zone, Olde, traveling 20 miles per hour, attempted to get into the right-hand line of traffic. He was unable to do so because cars were many and close together, and, when about eight feet from the posts of the safety zone, he decided to stop. He applied his brakes vigorously and stopped, either just before or just after striking a post. Immediately thereafter his car was struck in the rear by a taxicab owned by defendant. It was an issue of fact whether plaintiff's injury was caused by Olde's running into the post or by the taxi striking his car after he had stopped.

Subsequent negligence presupposes that Olde was guilty of contributory negligence and requires that defendant's negligence, arising after the taxi driver saw or should have seen Olde's peril, was the sole proximate cause of the collision. There was no testimony of the location of the taxicab when Olde's car stopped, nor of its speed. The record contains no showing of facts from which it could be found that the taxi driver, in the exercise of reasonable care, saw or should have seen the predicament of the Olde car after it was in a dangerous place and that he could have stopped or turned aside in time to avoid a collision.

Judgment reversed, with costs, and new trial.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.